GARRETT, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals the order that denied its “Petition for Authorization to Take Children into Custody.” We reverse.
In March of 1990, HRS filed a petition to adjudicate L.M. and J.G.M. dependent children and a motion to remove the children from the custody of their mother. After a *774 hearing in April of 1990, the trial judge denied the motion without prejudice, but ordered HRS to continue protective supervision of the children and submit weekly reports to the court. In reaching his decision, the trial judge considered that the children’s treating doctor had “testified that [HRS’ expert witness] would not be able to come to an intelligent opinion without all of the medical records of all the children.” On August 9, 1990, HRS took the deposition of an independent pathologist appointed by the trial judge “to review all of the medical records.” She concluded that a psychiatric condition of the mother placed the children in danger while in her custody. Based on the deposition testimony, HRS filed an amended petition for adjudication of dependency and a “Petition for Authorization to Take Children into Custody.” On August 13, 1990, the trial judge denied the “Petition for Authorization to Take the Children into Custody” on the basis that “the Court has already heard a prior petition and has ruled on the case.” HRS appealed.
We conclude that the trial judge should have addressed the merits of the “Petition for Authorization to Take Children into Custody” and not have simply denied it because he had previously ruled on the original petition and motion. Apparently the trial judge granted the original dependency petition because he ordered protective supervision. § 39.41(l)(a), Fla. Stat. (1989). Once ordered, protective supervision continues until terminated by the court or until the child reaches the age of 18. Id. We consider the amended petition for dependency to be HRS’ method to formally present a weekly report to the court. We consider the “Petition for Authorization to Take the Children into Custody” to be HRS’ request for a change in the disposition. It appears that HRS wanted the trial judge to impose one of the non-parental custody alternatives authorized by subsections (b), (c) or (d) of section 39.41(1) as the disposition instead of protective supervision.
The trial court should have considered the “weekly report” and ruled on the appropriateness of a new disposition. Because the circuit court has continuing jurisdiction over a dependent child whatever the situation might be on a particular day does not tie the hands of a trial judge to determine the best interests of the dependent child the next day, week, month or year.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GLICKSTEIN, C.J., and LETTS, J., concur.